UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHWESTERN OHIO ADMINISTRATORS, INC., | ) ) ) | CASE NO. 3:24-cv-01602 |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SIMPLIFIED LIVING LLC, *et al.*, | ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |

Before the Court is Defendant Simplified Living LLC's ("Simplified Living") Motion to Dismiss. (Doc. 9.) Plaintiff Northwestern Ohio Administrators, Inc. ("Plaintiff" or "Northwestern Ohio") opposed. (Doc. 12.) Simplified Living did not file a reply. For the reasons stated herein, the Motion to Dismiss is DENIED.

**I.      BACKGROUND**

Northwestern Ohio is the administrator for Plans and Trusts created and maintained pursuant to collective bargaining agreements and trust agreements. (Doc. 7 at ¶ 3.) Simplified Living and Heartland are both Ohio corporations that employ employees represented by Local Union No. 134 of the United Union of Roofers, Waterproofers and Allied Workers ("Local 134") and do business in the Greater Toledo Area. (*Id.* at ¶¶ 4, 5.)

Northwestern Ohio serves as the depository for payments made to its Plans and Funds under a Working Agreement signed by Local 134, the Associated General Contractors of Northwest Ohio, Inc. Labor Relations Division (the "Association"), and Defendants Simplified Living and Heartland Construction & Roofing ("Heartland"). (*Id.* at ¶ 3.) The Working Agreement is "valid for a one-time agreement" for a specific project called the "Glann School Roof Project" in Toledo, Ohio. (Doc. 7-1 at 65.)

Northwestern alleges that Simplified and Heartland failed to remit all payments required under the Working Agreement. (Doc. 7 at ¶ 13.) Northwestern states it has good cause to believe Defendants will fail to remit payment in the future. (*Id.* at ¶ 14.)

On September 19, 2024, Northwestern filed a complaint against Simplified Living in the Western Division of this District. (Doc. 1.) On November 18, 2024, Northwestern sought leave to file an amended complaint. (Doc. 6.) Judge James R. Knepp II granted Northwestern's motion on November 22, 2024. (November 22, 2024 Order.) On November 25, 2024, Northwestern filed an amended complaint against both Simplified Living and Heartland. (Doc. 7.) The amended complaint brings two counts: one count for monetary amounts owed to Northwestern under collective bargaining agreements and declarations of trust, including interests, costs and fees, and one count seeking an audit of Defendants books and records for January 1, 2024 to the present. (*Id.* at ¶¶ 18-23.)

On December 3, 2024, Simplified Living moved to dismiss the complaint in its entirety. (Doc. 9.) On December 10, 2024, Heartland Answered. (Doc. 10.) Northwestern responded to Simplified Living's motion to dismiss on December 17, 2024. (Doc. 12.) Following a case management conference in January 2025, the parties briefed whether this case should be transferred to the Eastern Division of this District. (Docs. 14, 17, 18.) On January 31, 2025, Judge Knepp granted Northwestern's unopposed motion to transfer, and this case was assigned here. (Docs. 17, 19.)

## II.     ANALYSIS

Under Rule 12(b)(6), a court must dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When evaluating a motion to dismiss, courts must presume all factual allegations to be true and all inferences must be drawn in plaintiff's favor.  *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).  But the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)).  A pleading that offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012)).  Nor does a complaint suffice if it "tenders naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (quotations and citations omitted).

Simplified Living argues it should be dismissed from this case because it did not sign the Working Agreement.  (Doc. 9 at 101.)  Instead, to Simplified Living, the Working Agreement is signed only by Heartland, and therefore, the lawsuit should only proceed as it relates to Heartland.  (*Id.* at 101-02.)  Northwestern Ohio argues the amended complaint plausibly alleges Simplified Living is an entity operating under the alias Heartland, the entity that signed the

Working Agreement.  (Doc. 12 at 116.)  The amended complaint supports this allegation with further allegations evidencing this relationship which demonstrates Simplified Living is also bound by the Working Agreement.  (*Id.* at 116-17.)  For instance, Simplified Living is a registered for-profit entity with the Ohio Secretary of State, but Heartland lacks such a registration.  (*Id.* at 116.)  And the "Notice of Commencement" for the project and payroll reports were jointly submitted by Simplified Living and Heartland and each identified Simplified Living as the general contractor for the project.  (*Id.* at 116-17.)

When presented with a motion to dismiss, the court must accept all well-pleaded allegations as true.  The amended complaint plainly alleges Heartland is an alias of Simplified Living.  This is supported by additional allegations.  Simplified Living's argument for dismissal rests on its conclusion that it is a separate entity from Heartland.  (Doc. 9 at 101.)  But that conclusion contradicts the plausible allegations in the amended complaint.  Because the amended complaint plausibly pleads Heartland is an alias of Simplified Living, and because the Court must take all well-pleaded allegations as true, Simplified Living's Motion to Dismiss must be denied.

## III. CONCLUSION

For the reasons stated herein, Defendant Simplified Living LLC's Motion to Dismiss (Doc. 9) is DENIED.

**IT IS SO ORDERED.**

Date:  August 26, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE